[Cite as *State v. Schwegler*, 2011-Ohio-1611.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                      :

      Plaintiff-Appellee                        :            C.A. CASE NO.    2009 CA 31

v.                                                 :            T.C. NO.    09CR113

JEFFREY L. SCHWEGLER                  :               (Criminal appeal from
                                       Common Pleas Court)

      Defendant-Appellant                     :

 

                                       :

. . . . . . . . . .

## **O P I N I O N**

Rendered on the 31ST day of March, 2011.

. . . . . . . . . .

JAMES D. BENNETT, Atty. Reg. No. 0022729, Assistant Prosecuting Attorney, 201 West Main Street, Safety Building, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

STEPHEN W. KING, Atty. Reg. No. 0023335, Miami County Public Defender, Old Courthouse, 210 W. Main Street, Troy, Ohio 45373
      Attorney for Defendant-Appellant

JEFFREY L. SCHWEGLER, #608232, Corrections Reception Center, P. O. Box 300, Orient, Ohio 43146
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This is an Anders appeal from a judgment of the Miami County Court of

Common Pleas that found Appellant guilty of sexual battery, a felony of the third degree, on May 18, 2009.

{¶ 2} Appellant was charged with engaging in sexual contact with his fourteen year-old adopted daughter. On May 18, 2009, Appellant agreed to enter a plea of no contest to sexual battery. A pre-sentence investigation ("PSI") was ordered following the plea and finding of guilt.

{¶ 3} Sentencing was held on July 6, 2009. At sentencing, the court indicated that it had reviewed the PSI, had taken into account the statements made by Appellant as well as the victim's mother, and considered all other factors of record. Appellant was sentenced to a term of three years in prison and was classified as a Tier III sex offender.

{¶ 4} Counsel for the Appellant submitted a brief under the authority of *Anders v. California* (1976), 386 U.S. 738. Appellant's counsel states that, after reviewing the record of the trial court proceedings he could not find any arguable issues for appeal.

{¶ 5} *Anders v. California* sets forth the procedure appointed appellate counsel must follow when he/she wishes to withdraw for lack of any arguable appealable issues. In *Anders,* the United States Supreme Court held that if counsel does a conscientious examination of the case and determines an appeal to be frivolous, counsel should advise the court and then should request permission to withdraw. *Anders v. California*, 386 U.S. 744. Counsel must also give his/her client a copy of the brief along with the request to withdraw. Id. The attorney's client then must be given sufficient time to raise any matters he so chooses. Id. After those requirements are satisfied, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous. Id.

If the appellate court determines the appeal is frivolous, it may then grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court may proceed to a decision on the merits if state law requires it.

{¶ 6} Appellant's appointed counsel satisfied the requirements of *Anders v. California*. We notified Appellant of his appellate counsel's representation and offered him ample time to file a pro se brief. None has been received. This court shall examine the entire record to determine if this appeal is frivolous or has merit.

{¶ 7} Crim. R. 11(C)(2) sets forth the guidelines a trial court must follow before accepting pleas of guilty and no contest in felony cases. Crim. R. 11(C)(2) states that:

{¶ 8} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 10} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 12} In this case, the trial court engaged in a thorough plea colloquy, covering all the requirements set forth in Crim. R. 11(C)(2). Appellant was made aware of the nature of

the charges, the maximum penalty involved, and the effect of pleading no contest. The court advised Appellant of the constitutional rights he was waiving by pleading no contest. Furthermore, the court informed appellant that if he has any questions during the plea colloquy, he should "feel free to interrupt," and his question would be answered either by the court or by his attorney. At no time did Appellant indicate that he had a question that needed clarification, nor did he express dissatisfaction with his counsel's representation.

{¶ 13} Upon an independent review of the record, we have found no potential assignments of error having arguable merit. Appellant's appeal is found to be frivolous.

{¶ 14} Accordingly, the judgment is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

James D. Bennett
Stephen W. King
Jeffrey L. Schwegler
Hon. Robert J. Lindeman